### BROWN v. MUNN PIANO CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

1. EVIDENCE ⬤⇒271(19)—IMMATERIAL MATTER.

　　In an action for personal injuries against a piano company by the employé of a truckman engaged to move a piano, a letter, written some weeks after the accident, prepared by one of plaintiff's attorneys, and evidentially intended as a trick to make it appear that the men who moved the piano were hired by the truckman for the piano company, and were in its employ, was improperly admitted in evidence.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1097–1099; Dec. Dig. ⬤⇒271(19).]

2. MASTER AND SERVANT ⊚⇒5—RELATION.

Where a truckman had a sore hand, so that in moving a piano he would need extra help, and the piano company agreed to reimburse him for what he paid the help, no relation of master and servant existed between the piano company and one hired by the truckman.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 5; Dec. Dig. ⊚⇒5.]

3. MASTER AND SERVANT ⊚⇒238(3)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

A farmer, who hired himself to aid a truckman in moving a piano from a wagon without the help of planks and ropes, and was injured, was guilty of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 745; Dec. Dig. ⊚⇒238(3).]

Appeal from Trial Term, Tioga County.

Action by Henry V. Brown against the Munn Piano Company. From a judgment for plaintiff, and an order denying new trial upon the minutes, defendant appeals. Judgment and order reversed, and new trial granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Fancher & Fancher, of Walton (A. G. Patterson, of Walton, of counsel), for appellant.

Lynch & Clifford, of Owego (F. W. Clifford, of Owego, of counsel), for respondent.

JOHN M. KELLOGG, P. J.  The defendant, a domestic corporation, with its office and principal place of business at Walton, N. Y., engaged one Barnes, a general carter and drayman of Nichols, N. Y., to move a piano from the Erie station at Smithboro, a little hamlet near Nichols, to the Rebecca Lodge near by.  The father of Barnes was in his employ, assisting him in the trucking business, and for some days prior to September 8, 1914, had been managing the truck and was familiar with the business.  When the order, over the long-distance telephone from Binghamton, was received to move the piano, the son went uptown, found the father, who was at work with the truck, and engaged the plaintiff and one Morgan to assist the father in moving the piano.  They loaded the piano onto the truck and drove to the Rebecca Lodge.  Upon the way they stopped at Mr. Tribe's shop and procured two two-inch twelve-foot soft maple plank, which were sawed for joists.  There was also in the truck suitable rope for use in handling the piano.  Barnes got upon the truck; it was suggested that the plank be used; one of the men said it was unnecessary, and Brown and Morgan stood upon the ground and were to hold the piano as Barnes shoved it towards the rear of the truck; he was then to come down and assist in unloading it, but they were unable to sustain it and it fell to the ground, and tipped over, and injured the plaintiff. A recovery has been had against the defendant upon the evidence of Barnes, the owner of the truck, that when the defendant asked him to move the piano he replied that he was laid up with a hurt hand and

was unable to work, and his father was driving the dray, and he told them he could not get any men that he knew of, there was no one around there and everybody was busy, and they said there must be somebody, and he told them maybe there were some railroad men, and maybe he could get them, they were working there, and the defendant replied, "You get some men, and pay them, and send the bill." The defendant denies that Barnes told it he had a hurt hand, and that it told him to get men and pay them and send the bill to it, but claims that the employment was in the ordinary way as on previous occasions. The plaintiff's story is not quite probable, as Barnes' father was operating the truck, and it made no difference to the defendant whether the father or the son moved the piano, as either must have help.

[1-3] After the accident Barnes tendered his bill to the defendant: For moving the piano, $3; help moving it, $1.75; bridge toll, 25 cents; shipping box from Smithboro, 50 cents—total $5.50. The defendant sent him a check in payment, and the receipted bill was returned to the defendant with a letter saying:

"I inclose you herewith receipted bill for services and disbursements in moving the piano at Smithboro, including the $1.75 to reimburse me for money paid out for you for help hired for you in moving the piano, for which check has been received.      Respectfully yours,      H. F. Barnes."

This letter, written some weeks after the accident, was received in evidence over the defendant's objection. It was prepared by one of the plaintiff's attorneys, and was evidently intended as a trick to make it appear that the men were hired by Barnes for the defendant and were in the defendant's employ. It had no relevancy to the merits of the case, and defendant was not called upon to answer it. The letter was prejudicial, and was erroneously received. The evidence in favor of the plaintiff is so meager as to the employment by the defendant that this error would call for a reversal if the judgment was otherwise proper. The whole transaction shows that the defendant employed the truckman in the usual way to move this piano. The most favorable view of Barnes' testimony indicates that the defendant was to reimburse him for what he paid the help in making the removal. If Barnes had a sore hand, it would be necessary for him to employ more help than it would be if he and his father were assisting in the work. The only disability of Barnes was a sore hand. He went uptown after his father and the men, and evidently, if he chose, could have superintended the moving of the piano; but he left that matter to his father, who was in fact operating the truck while the son was not working.

No relation of master and servant existed between the plaintiff and the defendant. The defendant was not present or in any way participating in the act; the truckman and his assistants were doing the work in their own way, and the result came from the fact that they were negligent and careless in doing it. The plaintiff was a farmer, a carpenter, a hostler at the engine house, and all three men should have known that there was difficulty in moving a piano from a wagon without the help of planks or rope. If they had an insufficient num-

ber of men, it was not the defendant's fault. At the most, the defendant hired a truckman to remove a piano, agreeing to pay for the removal and for any assistants hired by the truckman in making the removal. The verdict is therefore clearly against the law and the evidence. There is no evidence of the defendant's negligence, and clearly the plaintiff was not free from contributory negligence.

The judgment and order should therefore be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. The court disapproves of the findings of fact that the defendant was negligent, and that the plaintiff was free from contributory negligence, and that the plaintiff was an employé of the defendant at the time of the injury. All concur.